UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LISA MARSHALL,

    Plaintiff,

    v.                                                                                        Case No. 24-CV-324-SCD

AA HEALTHCARE MANAGEMENT, LLC and
ARIA OF WAUKESHA, LLC
  *doing business as Aria of Waukesha*,

    Defendants.

---

### DECISION AND ORDER

---

    Lisa Marshall alleges that she was forced to resign from her position as director of human resources at a Waukesha nursing facility after her employer refused to accommodate medical restrictions related to a back issue. *See* Am. Compl. ¶¶ 10, 19–39, ECF No. 37. She filed a charge of discrimination with the United States Equal Employment Opportunity Commission and the Wisconsin Equal Rights Division, alleging she was discriminated against due to her disability. *Id.* ¶ 40; *see also* Tompkins Decl. Ex. A, ECF No. 40-1. The EEOC investigated the charge and issued Marshall a right-to-sue letter. Am. Comp. ¶ 43 (citing Ex. A, ECF No. 37-1).

    In March 2024, Marshall filed an employment discrimination action against the nursing facility she resigned from, Aria of Waukesha, LLC, and the operator of the facility, AA Healthcare Management, LLC. *See* Compl., ECF No. 1. The matter was reassigned to this court after all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 7, 22, 23. AA Healthcare moved for judgment

on the pleadings, arguing (among other things) that Marshall failed to allege facts indicating that she exhausted her administrative remedies against AA Healthcare. *See* Def.'s Mot. for J. on the Pleadings, ECF No. 30; Def.'s Br., ECF No. 31. Marshall responded by filing an amended complaint asserting that AA Healthcare and Aria violated Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117, by discriminating against Marshall based on her disability. Am. Comp. ¶¶ 44–51. The amended complaint alleges that "[a]ll conditions precedent for filing this lawsuit have been fulfilled as Plaintiff received a 'Right to Sue Letter' from the EEOC on February 16, 2024." *Id.* ¶ 43.

      AA Healthcare has moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def.'s Mot. to Dismiss, ECF No. 39; Def.'s Br., ECF No. 42. "A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634–35 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim satisfies this pleading standard when its factual allegations 'raise a right to relief above the speculative level.'" *Id.* at 635 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). When analyzing a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Johnson v. Enhanced Recovery Co.*, 961 F.3d 975, 980 (7th Cir. 2020) (citing *Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019)).

      AA Healthcare argues that Marshall has failed to allege facts establishing that she exhausted her administrative remedies against the company under the ADA. Before filing a

civil suit under the ADA, "a plaintiff must first exhaust her administrative remedies . . . by filing a timely EEOC charge and receiving a right-to-sue letter." *Massey v. Churchview Supportive Living, Inc.*, No. 17 C 2253, 2018 WL 999900, 2018 U.S. Dist. LEXIS 27156, at *12 (N.D. Ill. Feb. 21, 2018) (citing *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013)); *see also* 42 U.S.C. § 12117(a) (adopting the enforcement procedures, including the administrative exhaustion requirement, governing actions under Title VII of the Civil Rights Act). "Ordinarily, a plaintiff who fails to name a particular defendant in an EEOC charge is prohibited from naming that same defendant in a subsequent civil suit." *Massey*, 2018 U.S. Dist. LEXIS 27156, at *12 (citing *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981); *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)). "The purpose for the rule is twofold: 'First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation.'" *Id.* at *12–13 (quoting *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)).

Marshall acknowledges that a plaintiff generally must name a party in an EEOC charge before commencing a civil suit against that party. *See* Pl.'s Resp. Br. 3, ECF No. 45. She also concedes that the charge of discrimination she filed with the EEOC named only Aria of Waukesha, and not AA Healthcare, as a respondent. *Id.* at 2; *see also* Tompkins Decl. Ex. A. Nevertheless, Marshall argues that her failure to name AA Healthcare in the administrative charge can be excused according to an exception to the general rule recognized in *Eggleston*. *See* Pl.'s Resp. 3–6.

In *Eggleston*, the Seventh Circuit carved out an exception to the general rule "that a party not named in the EEOC charge is not subject to suit under Title VII where the 'unnamed party has been provided with adequate notice of the charge, under circumstances where the

3

party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance[.]'" *Alam*, 709 F.3d at 666 (quoting *Eggleston*, 657 F.2d at 905). The exception also applies to suits filed under the ADA. *See, e.g.*, *Summerland v. Exelon Generation Co.*, 510 F. Supp. 3d 619, 627–28 (N.D. Ill. 2020). To survive a motion to dismiss for failure to exhaust administrative remedies, a plaintiff seeking refuge under *Eggleston* must "plausibly suggest that the . . . exception applies." *Alam*, 709 F.3d at 667. In other words, the plaintiff must allege facts plausibly suggesting that the unnamed party "had notice of the EEOC charge against it and an opportunity to participate in conciliation proceedings." *Id.* at 666 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008); *Schnellbaecher*, 887 F.2d at 127; *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991)). In deciding whether the exception applies, courts must construe administrative charges "with 'utmost liberality' and parties sufficiently named or alluded to in the factual statement are to be joined." *Eggleston*, 657 F.2d at 906 (citations omitted).

Marshall insists that she has satisfied both prongs of the *Eggleston* exception. She says that the charge of discrimination—which she filed without the assistance from counsel—complained of the allegedly unlawful discharge decision made by Raizy Weinberg, AA Healthcare's HR director. Marshall also contends that Weinberg clearly was aware of the charge, as she served as the respondent's agent throughout the EEOC investigation. Finally, Marshall asserts that Weinberg responded to the charge on behalf of Aria *and* AA Healthcare.

AA Healthcare maintains that Marshall has established, at most, that the company was aware of the administrative charge; however, according to AA Healthcare, actual notice is insufficient to satisfy the *Eggleston* exception. Rather, Marshall must plead facts capable of establishing that AA Healthcare had notice that it—as opposed to Aria—was being accused

of discrimination and that AA Healthcare had an opportunity to participate in the administrative process on its own behalf, and not merely on behalf of Aria. AA Healthcare points out that the charge of discrimination and the amended charge expressly name Aria as the only respondent. AA Healthcare also says that nothing in the text of either charge contains allegations that would put the company on notice that it was the target of Marshall's complaint, as the charges do not mention the company or any of the company's employees.

Likewise, AA Healthcare insists that the amended complaint does not contain facts suggesting that the company had the requisite notice and opportunity to participate in the EEOC process on its own behalf. For example, the amended complaint does not allege that AA Healthcare was served with any notice of the charge or that AA Healthcare was served with a copy of the right-to-sue letter. According to AA Healthcare, alleging that one of the company's employees (Weinberg) was aware of the charge and participated in the administrative process is insufficient to establish that AA Healthcare was aware that it was being accused of discrimination and that Weinberg was participating on AA Healthcare's behalf. Finally, AA Healthcare asserts that Marshall is not entitled to the benefit of a flexible application of the EEOC charge process formalities often afforded to *pro se* litigants because she was represented by counsel while the matter was pending before the EEOC.

Marshall has alleged enough facts to plausibly suggest that AA Healthcare was aware, or should have been aware, that the company was a target of Marshall's discrimination complaint. The factual statement in the charge of discrimination—which Marshall indisputably filed *pro se*—indicates that Marshall's "employer" placed her on non-paid medical after she provided updated medical restrictions. *See* Tompkins Decl. Ex. A, at 1. Similarly, the amended charge—also filed *pro se*—states that "human resources" refused to

5

accommodate Marshall's requested (and allegedly reasonable) accommodation and placed her on non-paid medical leave. *See* Tompkins Decl. Ex. C, at 2. In her amended federal complaint, Marshall alleges that AA Healthcare and Aria were joint employers and that AA Healthcare controlled the terms and conditions of her employment, set policies and procedures applicable to her employment, had the ability to discipline her, provided her with projects and assignments, and provided her with tools, materials, and equipment for her job. *See* Am. Compl. ¶¶ 11, 14–17. Marshall also alleges that, as Aria's HR director, she reported directly to Weinberg, the director of HR for AA Healthcare (among others). *Id.* ¶ 12. And Marshall alleges that Weinberg was the one who informed Marshall that her request couldn't be accommodated and who placed Marshall on permanent, unpaid medical leave. *Id.* ¶ 34.

Together, those allegations—which the court must accept as true at this stage—plausibly suggest that the alleged discriminatory employment action was carried out by Weinberg on behalf of Aria *and* AA Healthcare. In other words, the charge and the amended charge alluded to AA Healthcare's own involvement by referring to actions allegedly taken by Weinberg, who oversaw HR for AA Healthcare. Weinberg's position within the two companies and alleged role in Marshall's complained of actions distinguish our case from *Schnellbaecher*, *Alam*, *Tamayo*, and similar cases, which generally hold that "a parent organization not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that the parent had notice of the claim against it, as opposed to its subsidiary." *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 587, 604 (7th Cir. 2001) (citing *Schnellbaecher*, 887 F.2d at 127). Here, Marshall does not allege that AA Healthcare is liable merely because it is the parent company of Aria; rather, she alleges that AA Healthcare, through Weinberg, played the key role in not accommodating her disability. That is enough

6

to satisfy the first prong of the *Eggleston* exception. *See, e.g.*, *Santiago v. Patel*, No. 14-cv-10260, 2015 WL 6756286, 2015 U.S. Dist. LEXIS 150181, at *6–7 (N.D. Ill. Nov. 5, 2015) (finding the *Eggleston* exception satisfied where the administrative charge partially concerned the conduct of the unnamed party); *Mihalik v. Ill. Trade Ass'n*, No. 93 C 6782, 1994 WL 66915, 1994 U.S. Dist. LEXIS 2015, at *3–6 (N.D. Ill. Feb. 25, 1994) (finding the *Eggleston* exception satisfied where the administrative charge referred to actions taken by the vice president of the unnamed party).

The same allegations describing AA Healthcare's general role in Marshall's employment and Weinberg's specific involvement in the alleged discriminatory employment action at issue here are sufficient to satisfy the second prong of the *Eggleston* exception. It is undisputed that Weinberg served as the designee for the respondent in the administrative proceedings and directed the EEOC to contact AA Healthcare for further information regarding Marshall's charge. *See* Am. Compl. ¶ 41; *see also* Harlan Decl. Ex. B, ECF No. 49-2. Thus, AA Healthcare likely had actual notice of the EEOC charge and had the same opportunity to participate in conciliation proceedings as did Aria, in that Marshall complained of actions taken by AA Healthcare's HR director. Given all those factors, AA Healthcare "should not be heard to cry 'foul' when later made a defendant in a suit." *Eggleston*, 657 F.2d at 907 (quoting *Stevenson v. Int'l Paper Co.*, 432 F. Supp. 390, 397–98 (W.D. La. 1977)).

In sum, although Marshall did not name AA Healthcare in her administrative charge of discrimination, she has sufficiently alleged that AA Healthcare had notice that it was a target of Marshall's charge and that AA Healthcare had an opportunity to participate in conciliation proceedings. Whether those allegations prove true is a matter for another day.

Accordingly, the court **DENIES** the defendant's motion to dismiss, ECF No. 39. The court also **GRANTS** the defendant's motions to take judicial notice, ECF Nos. 38 and 47.

**SO ORDERED** this 30th day of October, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge